## CHESHIRE. TURNPIKE *vs.* STEVENS & a.

Where an action on the case was brought to recover damages for laying out a
highway around a turnpike gate, so as to divert the travel from the turnpike,
and damage was recovered for the loss of toll occasioned from the opening of
the highway to the date of the plaintiff's writ—*Held*, that subsequent suits might
thereafterwards be maintained, for farther damage accruing from time to time, as
long as the highway was kept open.

CASE, against the defendants, for keeping open a road
around a turnpike gate of the plaintiffs', so as to deprive the
plaintiffs of toll.

The present suit is on review.    The original writ was
dated August 23d, 1833 ; and judgment was rendered for
the plaintiffs at the October term of the court, 1834, for
$889 damages.

The writ of review by the defendant was seasonably
commenced, and entered April term, 1836.

It was in evidence that the plaintiffs had commenced a
former action against the defendants, by writ dated March
27, 1831, in which they recovered a judgment for damages
and costs.

The gate in question, around which the road is alleged to
be made, was erected on the turnpike road between Cheshire
bridge and Charlestown village, in 1821, and was finally
removed to the south part of Charlestown village, Novem-
ber 29, 1830, and has not been kept between the bridge and
village since that time.

The defendants, under a vote of the town of Charlestown,
March 9, 1830, caused a road to be opened around the gate,
north of the village, and persons travelled on the road thus
laid out, from the opening of the same until November 29,
1830, when the gate was removed, and no travel passed over
the road after the gate was removed.   For several days pre-
vious to the removal of the gate, no toll was received at it.

On the trial of the first action the court directed the jury
to ascertain the amount of toll the plaintiffs would have re-
ceived at the gate between the village and bridge, from the

opening of the road until the removal of the gate, and deduct therefrom the amount received during the same time at the gate south of the village, and to return a verdict for the difference ; and the jury under this direction returned a verdict for the plaintiffs for the damage, and judgment was rendered thereon.

It was agreed if, upon these facts, the court should be of opinion the plaintiffs could sustain their action, judgment should be rendered for them ; but if the court should be of opinion that the action could not be maintained, judgment should be reversed, and rendered for the defendants.

*P. C. Freeman,* for the defendants. The case shows that a prior suit has been brought for opening a passage or way around the plaintiffs' turnpike gate, and full damage rendered therefor. It cannot, therefore, be a ground of damage in this second action. For it will not be contended that a second action will lie for the recovery of damage, where the same is recovered in the first. If it be contended that the present declaration is merely for damage arising from the continuance of a highway previously wrongfully laid out, we answer, that on such a construction the action cannot be sustained, as the first recovery for the opening necessarily covers all subsequent damage, and no action will now lie for a continuance of the injury.

*H. Hubbard,* for the plaintiffs. The act complained of was not necessarily perpetual in its character. The same power which caused it, could remove it. In the original suit the injury arose from the laying out, but damage could only be recovered for the time such injury had continued. The present suit is to recover for the farther continuance of the same wrong.

UPHAM, J.* In the present action the main question in controversy is as to the right of the plaintiffs to maintain a

---

* PARKER, C. J., did not sit.

second suit, for damage arising from continuing open a high-
way around their turnpike gate, so that the plaintiffs were
unable to collect their usual rates and tolls over their turnpike.

The exception is taken to recovery by the plaintiffs, under
their present declaration that damage has been already claimed
for the opening of the highway, and judgment has been re-
covered for all the injury occasioned by such opening. If
the declaration in this case was for this cause, evidence of
a former recovery for the same ground of action would be a
bar to this suit. The declaration, however, though it alleges
the original wrong in the laying out the highway, sets out
a continuation of such wrong, and claims damage only for
such continuance for a given time; to wit., from the 27th
of March, 1831, to August, 1833, all of which time is subse-
quent to the former suit, and is for an entirely new claim of
damage.

The wrong in the original laying out is properly alleged
in the present suit. It should be both stated and proved, to
show that the continuance of the highway is a continuance
of such wrong. This is an essential part of the declaration ;
and as long as no damage is claimed for any time named in
the former action, that action does not conflict with the pres-
ent, and the exception taken to the declaration in this partic-
ular cannot prevail.

But it is contended, admitting the declaration to be prop-
erly drawn in point of form for damage from continuing the
highway, still no action can be maintained in law for such
continuance, after recovery has once been had for opening
the way.

But this is erroneous. The cause of action remains so long
as the cause of injury is upheld by the defendants. It has
been in the defendants' power at any time to discontinue the
grievance complained of; and so long as this power remains,
it would be unjust to visit him with damages, except during
the actual time the damage has been sustained. The injury
is not necessarily permanent in its character, and recovery,

therefore, can only be had for the past, as it may cease at any moment. The injury is of the same character as that arising from a nuisance, and is subject to the same rule of law. In this case, by opening a highway illegally and maliciously, the public travel is diverted around the plaintiffs' toll gate, and its effect is the same as a nuisance thrown across a water-course, by which water is diverted from a mill. In either case, so long as the nuisance or wrong is continued, the party sustaining the injury may, from time to time, have his remedy for damage.

Where property affected by a nuisance has been aliened, the alienee, after request made to remove or abate the nuisance, may maintain an action for the continuance of the nuisance. 5 *Coke* 100, *Penruddock's Case.*

If the party against whom a verdict in an action on the case for nuisance has been recovered, does not abate the nuisance, another action may be brought for continuing the nuisance, in which the jury will be directed to give large damages. It is said to be usual, in the first action, to give nominal damages only, which, however, entitle the plaintiff to full costs. 10 *Mass. Rep.* 74, *Staple* vs. *Spring & al. ; Salk.* 460, *Rosewell* vs. *Prior ;* 3 *Stark. Ev.* 991 ; *Com. Dig., Action on the Case for Nuisance, B.*

The remedy clearly subsists for any continuing nuisance, or wrong done to an estate, where the extent of such wrong may be apportioned from time to time, and goes not at once to the entire destruction of the estate. In this case, even if the defendant had prevailed in the original action, a new suit might be had for a continuing injury. A verdict for the defendant in a former action, for diverting water from his mills, is evidence, but not conclusive for the defendants in a second action for a subsequent damage. 2 *Barn. & Ald.* 662. So a verdict for the plaintiff, in an action for obstructing his barges, in a navigable river, is strong but not conclusive evidence in an action for a similar obstruction. 5 *Taunt.* 705, *Mills* vs. *Rose.*

*Judgment on the verdict.*